```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/27/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                          :

LOURDES CUETO and JUAN GONZALEZ,     :

                   Plaintiffs,     :

                          :

            -v-                :

                          :

CURTIS TUCKER and PORT IMPERIAL FERRY    :
CORP.,

                          :

                Defendants.    :

                          :

------------------------------------------------------------------------X

12 Civ. 4016 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On May 21, 2012, defendant Port Imperial Ferry Corp. removed this case from the

Supreme Court of the State of New York, County of Bronx, on the basis of diversity jurisdiction

pursuant to 18 U.S.C. §1332.  On June 8, 2012, the Court issued an Order (the "June 8 Order")

instructing plaintiffs to file an amended complaint, no later than June 22, 2012, that states clearly

whether plaintiffs seek damages of more than $75,000, and instructing plaintiffs' counsel to enter

a notice of appearance in this matter on ECF no later than June 12, 2012.  Plaintiffs' counsel

failed to do either.  Accordingly, on July 12, 2012, the Court dismissed this case for failure to

comply with multiple Court orders, pursuant to Federal Rule of Civil Procedure 41(b) (the "July

12 Order").

On July 25, plaintiffs filed a motion to vacate the July 12 Order.  Plaintiffs' counsel

represents that he is unfamiliar with the ECF system, and therefore he did not see the June 8

Order until July 17, 2012.  Plaintiffs' counsel asks the Court for relief under either Fed. R. Civ.

P. 59(e) or 60(b).  He argues that the July 12 Order works a harsh result, because although the

Order was without prejudice to refiling, the statute of limitations had since run, barring plaintiffs from refiling their claim.  Plaintiffs' counsel further represents that his clients are not pursuing and will not pursue damages exceeding $75,000 for each plaintiff.  *See* Aff. of Jesse Barab in Support of Motion to Vacate ¶ 11.  Defendants' counsel opposes this motion, arguing that defendants would be prejudiced by allowing plaintiffs to resuscitate their lawsuit.  The Court has considered both parties' submissions.

Fed. R. Civ. P. 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the follows reasons: . . . or (6) any other reason justifying relief from the operation of the judgment."  To obtain relief under Rule 60(b), a movant "must demonstrate 'exceptional circumstances' justifying the extraordinary relief request."  *Emp'rs Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824–25 (2d Cir. 1996) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  Because the Court dismissed the case for failure to comply with court orders, the Court will analyze plaintiffs' Rule 60(b) motion in the context of Rule 41(b).[1]

Whether dismissal is appropriate under Rule 41(b) is determined by considering the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

---

[1] Plaintiffs also request relief under Rule 59(e).  Because that request merely replicates their request under Rule 60(b), and any relief which plaintiffs seek under Rule 59(e) is covered by Rule 60(b), the Court will not separately analyze Rule 59(e). *See Twumasi v. Brennan Trans.*, No. 94-cv-5930, 1996 WL 343056, at *2 n.2 (S.D.N.Y. June 20, 1996) (Cote, J.).

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors certainly could support a determination that dismissal was warranted. Although plaintiffs' counsel apparently did not see the June 8 Order, its publication to ECF should have provided him with the requisite notice that his failure to act would result in dismissal. And it is possible that defendants may be prejudiced by the delay in moving plaintiffs' lawsuit forward caused by plaintiffs' counsel's neglect.

However, in the Court's judgment, the balance of factors favors permitting this case to go forward. The incremental delay between plaintiffs' failure to file an Amended Complaint by June 22, 2012 and the date of this Order—a mere three months—is likely to work, at most, a minor prejudice to defendants' ability to defend this lawsuit. By contrast, plaintiffs will suffer significantly greater prejudice if their counsel's lapse, and the subsequent bar presented by the statute of limitations, prevents them from having their day in court. Although plaintiffs' counsel's oversight is regrettable, and he is admonished to be more vigilant, the Court is mindful that this Court was not plaintiffs' chosen forum, and thus its procedures may have been unfamiliar to counsel. The Court also notes that plaintiffs have now stipulated, in response to the Court's inquiry, that they do not intend to—and will not—seek more than $75,000; they have included with their motion a proposed Amended Complaint to that effect. *See* Pls.' Motion to Vacate, Ex. 4. Accordingly, rather than dismissing the case for counsel's failure to heed deadlines, the less draconian option is available for the Court to dismiss the case for want of federal jurisdiction, and to remand it to state court. This path would allow plaintiffs to have their day in court, in state court, despite their counsel's neglect. And it would do so without any significant prejudice to defendants, who may now be assured that the maximum damages each plaintiff seeks is $75,000.

Finally, plaintiffs' counsel has expressed willingness to have sanctions imposed on him for his negligence. The Court declines to impose sanctions at this point. However, if defendants can demonstrate concrete, specific evidence of tangible prejudice caused to them by plaintiffs' counsel's neglect, the Court would entertain a motion for sanctions, to compensate for such prejudice.

Therefore, the Court hereby vacates its July 12 Order dismissing the case under Rule 41(b). The Court accepts for filing plaintiffs' Amended Complaint, dismisses this action for want of federal jurisdiction, and remands the case to the Supreme Court of the State of New York, County of Bronx. The Clerk of Court is directed to terminate the motions at docket numbers 11 and 18, and to remand this case.

SO ORDERED.

Paul A. Engelmayer

Paul A. Engelmayer
United States District Judge

Dated: September 27, 2012
       New York, New York

4